**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FAUSTINO HERNANDEZ,

    Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

    Respondent - Appellee.

No. 01-6434
(D.C. No. 01-CV-1286-M)
(Western District of Oklahoma)

**ORDER AND JUDGMENT***

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    This case is before the court on Faustino Hernandez's requests for a certificate of appealability ("COA") and permission to proceed on appeal *in forma*

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*pauperis*.  Hernandez seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition.  *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court" unless the petitioner first obtains a COA).  Because Hernandez has not "made a substantial showing of the denial of a constitutional right," this court denies his requests for a COA and to proceed *in forma pauperis* and **dismisses** this appeal.

Hernandez pleaded *nolo contendere* in Oklahoma state court to trafficking in marijuana and was sentenced to twenty years in prison, with all but the first seven years suspended.  Hernandez did not file a direct appeal.  He did, however, file a state petition for post-conviction relief, challenging a state statute denying earned credits to those convicted of trafficking in drugs and asserting that his *nolo contendere* plea was not knowing because he was not informed of the impediment to earning credits.  The Oklahoma Court of Criminal Appeals denied the petition on the ground that Hernandez had procedurally defaulted his claims by failing to raise them in a direct appeal.

Hernandez then filed the instant § 2254 petition.  The district court referred the matter to a magistrate judge for initial proceeding pursuant to 28 U.S.C. § 636(b)(1).  In a thorough and well-stated report and recommendation, the

magistrate judge recommended that the district court deny the petition on the basis of procedural bar. The magistrate judge noted that it was uncontested that Hernandez had failed to timely raise his claims in state court. The magistrate judge further concluded that Hernandez had failed to show cause and prejudice for the procedural default. Upon *de novo* review, the district court adopted the report and recommendation and denied Hernandez's petition.

To be entitled to a COA, Hernandez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). He can make such a showing by demonstrating that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review of Hernandez's briefs and contentions, the magistrate judge's report and recommendation, and the entire record on appeal, we conclude that the district court's resolution of Hernandez's petition is not fairly debatable among reasonable jurists. Accordingly, this court **DENIES** Hernandez's request for a COA for substantially those reasons stated in the magistrate judge's report and recommendation dated October 31, 2001, **DENIES** Hernandez's request to proceed *in forma pauperis*, and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-